Bosworth, J.,
(all the Justices concurring.) — The defendant insists that, according to the settled practice of this court, the entire judgment is irregular, and should be set aside on that ground. He relies on Elson v. The New York Equitable Insurance *686 Company, 2 Sand. S. C. R. 654, and also cites The Bank of Massillon v. Dwight, 2 Code R. 49; and Doke v. Peck, 1 Code R. 54. (Tide, contra, Goldsmith v. Mapes, 2 Code R. 49, and Dex v. Palmer, 5 How. Pr. R. 233.)
The mistake in respect to the provisions of the code, which induced the decision made in The Bank of Massillon v. Dwight, and in Doke v. Peck, is disclosed by the last sentence of the opinion in the latter case of the learned judge before whom the motions in those two actions were heard. It states that, “ now the clerk adjusts the costs, and then enters up judgment,” &c.
If the proceedings are conducted according to the code, the judgment is to be entered before the costs are adjusted. When the time to answer espires, it is the duty of the clerk, on being furnished with the summons and complaint, proof of due service thereof and that no answer has been received, to “ enter judgment for the amount mentioned in the summons.” (Code, § 246.) This must be entered in a book for “ the entry of judgments,” to be kept by him and to be called the “judgment book.” (§§ 279 and 280.) So much might regularly have been done, and so much it was the duty of the clerk to have done, on the 23d of December. It is difficult to understand why the entering of a judgment for the debt, which was regular, should itself become irregular, because the costs were afterwards inserted in the entry of judgment without notice. The inserting of the costs was irregular, and only that; that, and only that, should be stricken out as irregular. There seems to be no more reason for vacating the entry of judgment for the amount due, than for setting aside the summons and complaint. So much of the proceedings as are irregular should be set aside, while those that are regular should not be vacated on the mere ground of irregularity, on account of subsequent irregular proceedings.
The code provides then, that when a plaintiff is entitled to judgment, the clerk shall enter in a book for the “ entry of judgments,” (Code, § 279,) á judgment, for the amount mentioned in the summons, if entered under subdivision 1 of § 246 of the code, or if entered under § 280, a judgment that “ shall specify clearly the relief granted, or other determination of the action.” *687 That upon two days notice, &c., the clerk shall insert in the “ entry of judgment, the costs and charges.” (Code, § 311.)
“ A copy of the judgment” is to be annexed to the other papers specified in § 281; all are to be filed and together constitute the judgment roll. This copy of the judgment necessarily means a copy of the judgment entered in the judgment book. The costs having been irregularly inserted, it would follow that the words of such insertion should be stricken from the entry of judgment, and that the judgment roll and the docket of the judgment should be vacated. So much is irregular, and no more. The judgment for the amount mentioned in the summons is regular. Subsequent irregularities do not invalidate or affect that. That should not be set aside as irregular. If the defendant procures that to be set aside and liberty to answer the complaint, it must be on other grounds than irregularity. If only the irregular proceedings are set aside, the defendant would have no right to put in an answer. The plaintiff might then, on two days notice, have his costs inserted in the entry of judgment, file a judgment roll, and issue execution.
I think, however, that the affidavits show a state of facts which make it proper for the court to vacate the whole judgment and give the defendant liberty to answer. The only question is, upon what terms, if any, the relief should be granted? The insertion of the costs in the entry of judgment, the filing of the roll and docketing of the judgment being irregular, it is the right of the defendant to have them vacated on that ground; and also to have the execution set aside. The terms offered were such as the plaintiff should have accepted. Not accepting them, but insisting on his irregular as well as his regular proceedings, he is not entitled to costs, but should pay cost to the defendant. An order will therefore be entered,’ vacating the judgment and setting aside the execution, (upon the defendant’s stipulating not to bring any action by reason of any levy under the execution,) and giving the defendant ten days time to answer the complaint and directing the plaintiff to pay to the defendant ten dollars costs of this motion; the issue to be dated as of the 22d of December, 1851, unless the answer be *688 replied to, and in that event, so many days after that date'as shall elapse between the service of the answer and of the reply thereto.